**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SABRINA HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-630-JHP-FHM |
| ) | |
| YMCA OF GREATER TULSA, and ) | |
| DAVID MAY, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is Defendant David May's Motion to Dismiss Plaintiff's Claims and Brief in Support [Doc. No. 13], Plaintiff's Response To Defendant's Motion To Dismiss [Doc. No. 14], and Defendant's Reply To Plaintiff's Response [Doc. No. 17]. For the reasons stated herein, this Court hereby **GRANTS** Defendant David May's Motion To Dismiss.

The Plaintiff, Sabrina Hall, was employed at the YMCA of Greater Tulsa (hereinafter "YMCA") on and off from December, 1997, through August, 2008, when Plaintiff claims her employment was wrongfully terminated in retaliation for reporting alleged sexual harassment. In September, 2009, Hall filed this suit against the YMCA and her supervisor, David May, asserting claims of discrimination and retaliation in violation of Title VII and the Oklahoma Anti Discrimination Act (hereinafter "OADA"), 25 O.S. §1101 *et. seq.*

Defendant May filed the current Motion to Dismiss the claims against him pursuant to Fed.R.Civ.P. 12(b) claiming the Plaintiff failed to state a claim for which relief can be granted because the OADA does not allow claims against individuals and, in the alternative, the Plaintiff failed to exhaust her administrative remedies against Defendant May.

1

When ruling on a defendant's motion to dismiss, the Court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The complaint does not need detailed factual allegations, but the factual allegations must be enough to raise a right to relief above the speculative level. *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir.2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). *Iqbal* stressed that it is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Defendant May initially argues the claims against him should be dismissed because the OADA does not provide for a cause of action against individual employees but rather, only allows for litigation against "employers". Plaintiff argues that her sole cause of action against Defendant May is a "*Burk/Saint*[1] common law tort claim for public policy wrongful discharge."

The issue of whether a *Burk* tort can be brought against an individual Defendant has not been addressed by the Tenth Circuit or the Oklahoma Supreme Court. The Oklahoma Court of Civil Appeals recently addressed this issue, however, in *Eapen v. McMillan*, 2008 OK CIV APP 95, 196

---

[1] See *Burk v. K-Mart Corp.*, 1989 OK 22, 770 P.3d 24; *Saint v. Data Exch., Inc.*, 2006 OK 59, 145 P.3d 1037.

P.3d 995. The Plaintiff in *Eapen* brought suit against his supervisor alleging, among other things, race and national origin discrimination, pursuant to the OADA and *Burk*. The Defendant moved to dismiss the counts against him claiming the OADA and, subsequently, *Burk*, did not allow a cause of action against individual defendants. The Plaintiff in *Eapen* relied on the definition of "employer" in the OADA in arguing that the act expressly provides for individual liability:

> "Employer" means a person who has fifteen or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year, or a person who as a contractor or subcontractor is furnishing the material or performing work for the state or a governmental entity or agency of the state ***and includes an agent of such a person*** but does not include an Indian tribe or a bona fide membership club not organized for profit[.]
> 25 O.S.2001§ 1301(1) (emphasis added).
> *Eapen*, 2008 OK CIV APP 95, ¶9, 196 P.3d at 997.

The Plaintiff in *Eapen* then "bootstrapped the 'agent of such a person,' language in the Oklahoma Anti-Discrimination Act (OADA) with the Oklahoma Supreme Court's pronouncement in *Saint v. Data Exch., Inc.,* 2006 OK 59, 145 P.3d 1037, for the proposition that all persons covered under the OADA must have uniform remedial measures available to them." *Id.* Under this argument, all Plaintiffs would be able to sue <u>individuals</u> under the authority provided in the OADA. The Court in *Eapen* disagreed with this assessment of the law holding:

> Any consideration of the reach of *Burk* must be done with the understanding that itself demands the public policy exception be "narrowly circumscribed[.]" *Burk,* 770 P.2d at 29. In the present case, the parties cite and we find no guidance with respect to individual liability and how such liability might correspond to the exception outlined in *Burk*. Application of the *Burk* exception demands violation of "a clear mandate of public policy[,]" otherwise no exception to the employment-at-will doctrine will lie. "When [the Oklahoma Supreme Court] created this unique tort [the court] cautioned that it applies to only a narrow class of cases and must be tightly circumscribed." *Clinton v. State, ex rel. Logan County Election Bd.,* 2001 OK 52, 29 P.3d 543, 545. The court has repeated

> this warning often. *Id.*
> We glean no "clear mandate" of public policy imposing individual liability for tort discharge under § 1301 and *Saint.* Contrary to Eapen's position, § 1301(1) does not provide the "clear mandate" required to extend *Burk* to the point that a co-worker or supervisor in the workplace would be individually liable for a public policy tort. At present, nothing in *Burk* or its progeny seems to extend the concept of "employer" that far.
>
> *Eapen*, 2008 OK CIV APP 95, ¶9-10, 196 P.3d at 997-998.

This issue was also addressed by the United States District Court for the Western District of Oklahoma in *Cochlin v. Dobson Comm. Corp.*, 2007 WL 852560 (W.D. Okla. March 16, 2007) (Unpublished). In *Cochlin*, the Plaintiff filed suit against his former employer, his supervisor, and his co-worker for retaliation in violation of the American's with Disabilities Act, the OADA, and asserted a common law tort claim for violations of public policy under *Burk*. The individual defendants moved for summary judgment on the grounds that the OADA and *Burk* do not provide a cause of action against individuals. *Cochlin*, 2007 WL 852560 at *1. The Court held:

> The court approaches any determination of the reach of the *Burk* tort, or any "subset" thereof, with considerable trepidation. The parameters of that tort, in the employment context, have become extraordinarily difficult to determine. The outcomes in particular cases appear to be driven by a variety of considerations-the type of discrimination alleged, whether the federal remedy is adequate, whether the alleged discrimination was "status" based or "conduct" based, whether Oklahoma's statutory remedy for the particular type of discrimination is identical to that for other types of discrimination, and the like. This court is unable to discern any unifying principle or coordinated series of principles in the existing authorities which would provide a definitive guide to the issue presented here. In the absence of such guidance, and for claims of the type asserted here, the court declines to extend the *Burk* tort beyond the definition of "employer" referenced in prior cases. *See Higgins v. The Bob Moore Auto Group,* No. CIV-01-1603-C (W.D.Okla. Dec. 28, 2001)(order granting motion to dismiss). Summary judgment will therefore be entered in the defendants' favor on the plaintiff's public policy tort claim.
>
> *Cochlin*, 2007 WL 852560 at *1

Although this Court recognizes that *Cochlin* and *Eapen* are not binding authority, this Court finds them to be well reasoned and persuasive opinions. This Court agrees with the Court in *Eapen* that the Oklahoma Supreme Court has consistently construed the class of cases applicable under *Burk* to be narrowly defined; therefore, this Court refuses to expand the liability imposed under *Burk* to individual Defendants.

The Plaintiff argues the Oklahoma Supreme Court, since *Eapen* was decided, has taken a broader view of the *Burk* tort claim expanding its reach in cases such as *Kruchowski v. Weyehaeuser Co.*, 2008 OK 105, 202 P.3d 144, and *Shriazi v. Childtime Learning Center, Inc.*, 2009 OK 13, 204 P.3d 75. The Plaintiff claims this Court should look at these cases as allowing the *Burk* claim's reach to broaden as far as to individual liability. This Court disagrees with the Plaintiff's assessment of the Supreme Court's recent jurisprudence. Although the Supreme Court has clarified various aspects of the *Burk* tort claim in cases such as *Kruchowski* and *Shirazi*, the Court made clear as recently as it's December, 2009, decision in *Reynolds v. Advance Alarms, Inc.*, 2009 OK 97, ___ P.3d ___ that the *Burk* tort claim is a "public policy exception to the terminable-at-will employment doctrine for a narrow class of cases in which the discharge is contrary to a clear mandate of public policy as articulated by constitutional, statutory or decisional law" and that it is to be "strictly applied." *Id*. at ¶6. (Internal citations omitted) The Oklahoma Supreme Court again reminded that "[i]n light of the vague meaning of the term public policy we believe the public policy exception must be tightly circumscribed." *Id*. at ¶6. (Internal citations omitted)

In light of the Oklahoma Supreme Court's mandate that the *Burk* tort claim be applied only to the narrow class of persons for which it was intended and after determining that there is no "clear mandate" of public policy in the OADA which allows liability to be imposed against individuals, this Court finds that Defendant May's Motion to Dismiss to claims against him should be

**GRANTED**[2].

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant David May's Motion To Dismiss is therefore **GRANTED**.

_James H. Payne_
United States District Judge
Northern District of Oklahoma

---

[2] Defendant May argues, in the alternative, that his Motion to Dismiss should be granted because the Plaintiff failed to exhaust her administrative remedies against Defendant May. Since this Court finds that Defendant May's claims are subject to dismissal on other grounds, the Court does not address this argument and finds it moot.